UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J. Trent Mosby,                                         Civil No. 08-216 (MJD/FLN)

       Plaintiff,

       v.                                           **REPORT AND**
                                          **RECOMMENDATION**

National Toxicology Labs, Inc.,

       Defendant.

_____

J. Trent Mosby, *Pro Se.*
Susan E. Hettich for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's

Motion for Remand [#3].   The matter was referred to the undersigned for Report and

Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow,

this Court recommends Plaintiff's Motion be denied.

## I.   BACKGROUND

The Plaintiff filed this lawsuit in Olmsted County District Court on December 14, 2007,

alleging breach of contract, breach of fiduciary duty and defamation.  He alleged that the Defendant,

National Toxicology Labs, was hired by the Federal Medical Center in Rochester, Minnesota, to

perform drug tests on inmates.  Plaintiff alleged that the Defendant erroneously reported that he

tested positive for the use of methadone and failed to process his urine sample a second time to

prevent this allegedly false-positive result.  Plaintiff alleges that this resulted in him being

wrongfully convicted for the use of drugs, causing him to lose 40 days of personal liberty, loss of

transfer to a camp and closer proximity to friends and family, almost 60 days in restricted housing conditions and other harm creating nominal, actual, compensatory and punitive damages.  Plaintiff also alleged that this wrongful conviction has made it impossible for him to qualify for early release and that he suffers from embarrassment and harassment from prison staff and inmates.  (Compl. at 7.)  The Plaintiff alleged that his damages were:  more than $35,000 for the breach of contract (Compl. at 5.), more than $35,000 for the breach of fiduciary duty (Compl. at 6), and more than $50,000 for the defamation (Compl. at 7).

The Defendant removed the state action to this district on January 24, 2008 pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  On January 30, 2008, Plaintiff filed this motion to remand the case back to state court.

## II.    STANDARD OF REVIEW

Where a case has been removed to federal court from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  A party seeking to remove a case to federal court bears the burden of demonstrating that the action was properly removed and that federal subject matter jurisdiction exists for the action.  *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993).  When reviewing a motion for remand, the district court is "required to resolve all doubts about federal jurisdiction in favor of remand."  *Id*.

28 U.S.C. § 1332 provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Where the jurisdictional amount was originally pleaded, "if, from the face of the pleadings, it is apparent, to

2

a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that plaintiff never was entitled to recover that amount, and that his claim was colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also McCorkindale v. American Home Assurance Co.*, 909 F.Supp. 646, 651 (N.D. Iowa 1995).

"When the complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount." *Dyrda v. Wal-Mart Stores, Inc.*, 41 F.Supp.2d 943, 948 (D.Minn.1999) (citing *Jil McCorkindale v. American Home Assurance Company/AIC*, 909 F.Supp. 646, 652 (N.D.Iowa.1995) and *Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark.1996)). This Court has previously concluded that "[t]he removing defendant can sufficiently meet [the] . . . burden [of proving amount in controversy] by submitting proof that a plaintiff's verdict reasonably may well exceed [the amount in controversy], or if, on the face of the complaint, it is apparent that the claims are likely above that amount." *McNeilus Truck and Mfg., Inc. v. Hunt*, 2001 WL 837940 * 2 (D.Minn.2001) (citing *Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark.1996)).

## III.   LEGAL ANALYSIS

**Plaintiff's motion must be denied because it not apparent to a legal certainty that Plaintiff could not recover in excess of $120,000, the amount of damages alleged in the complaint.**

The Plaintiff alleged on the face of the complaint damages exceeding $120,000. Where the jurisdictional amount was originally pleaded, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289. If Plaintiff proves his allegations, three separate

3

claims that require proof of distinct elements, he may be awarded more than $120,000. Also, as Defendant points out, Plaintiff alleges as part of his damages, wrongful conviction, loss of 40 days of personal liberty, loss of transfer to a facility closer to friends and family, placement for 60 days in restricted housing, loss of eligibility for parole and harassment by prison staff and peers, injuries for which a jury might reasonably award Plaintiff more than $75,000.

The Plaintiff contends that he did not allege damages in excess of the jurisdictional amount in his complaint. This is untrue as Plaintiff clearly states in his complaint he is seeking damages of more than $35,000 for the breach of contract (Compl. at 5.), more than $35,000 for the breach of fiduciary duty (Compl. at 6), and more than $50,000 for the defamation (Compl. at 7). Even assuming that Plaintiff did not allege damages in excess of the jurisdictional amount, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy is above the jurisdictional amount. The Court finds it is more likely than not that should Plaintiff prevail on his allegations, a jury would award him more than $75,000 in damages for a wrongful conviction, loss of 40 days of personal liberty, loss of transfer to a facility closer to friends and family, placement for 60 days in restricted housing, loss of eligibility for parole and harassment by prison staff and peers.

The Plaintiff contends that his allegations of damages in excess of $75,000 are "purely speculative" and because it cannot be affirmatively established that they would exceed the required amount, the case must be remanded to state court. A Plaintiff may stipulate that his damages are less than $75,000 thereby requiring a remand to state court. *See Dyrda*, 41 F.Supp.2d at 946. In this case, however, the Defendant represented that the Plaintiff has been unwilling to make such a stipulation. (Def. Br. at 3.)

Contrary to Plaintiff's assertion, the jurisdictional amount can be met by aggregating claims. *See Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971)("It is well settled rule that . . . a single plaintiff may aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount.") Further, Plaintiff's contention in his papers that the jurisdictional amount is not met because he is not alleging "actual" damages is unpersuasive because Plaintiff repeatedly alleges actual damages in his complaint.  (*See* Compl. 5-8.)

The Plaintiff also contends that because all three causes of action are state-law claims, the case must be heard in state court.  This argument is unpersuasive as Defendants have invoked diversity jurisdiction which does not require that the claims be brought under federal law or raise a federal question.  *See*  28 U.S.C. § 1332(a)(1).

Plaintiff cites to *Chapman v. Pickett*, 801 F.2d 912, 916 (7th Cir. 1986) rev'd and remanded, for the proposition that Defendant's estimate that the Plaintiff could be compensated $750 for each of the 100 days he alleged he either lost his liberty or spent in restricted housing conditions is inaccurate.  *Chapman* is, as a preliminary matter, unhelpful because it was reversed in light of the Supreme Court's holding *Anderson v. Creighton,* 483 U.S. 635 (1987) (holding that "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken.").  The amount of damages awarded in that case is also unhelpful.  In *Chapman*, the prisoner was compensated $7000 in 1980 for wrongfully being placed in restricted housing for nine months after a finding that his Eighth Amendment rights had been violated.  Here, Plaintiff alleges breach of contract, breach of fiduciary duty and defamation and does not limit his damages to those resulting from the 60 days

5

in restricted housing or the 40 days of "lost liberty."  He also alleges compensatory damages resulting from the embarrassment and humiliation suffered from harassment by prison staff and other inmates, loss of eligibility for parole, and loss of the opportunity to move to a facility that was closer to friends and family.

## IV.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Remand [#3] be **DENIED**.


DATED: June 6, 2008.                                    s/ *Franklin L. Noel*
                                                        FRANKLIN L. NOEL
                                                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 25, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.